[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The trial of this case commenced before the undersigned on April 7, 1993. After testimony was presented concerning the payments made to the defendant in connection with a building contract, the parties agreed that the court should make a preliminary decision as to the plaintiff's claim as set forth in Count Two of his complaint. Counsel representing both parties felt that the critical issues of the case were embodied in the second count and that a determination of that claim might be dispositive of the entire case.
The plaintiff homeowner alleges in his second count that the defendant contractor violated the provisions of the "Home Improvement Act" Section 20-429 of the Connecticut General Statutes. Plaintiff further claims that a violation of this Statute, Section 20-429, is an "Unfair Trade Practice" and therefore, he is in violation of Section 42-110 et seq., the so-called CUTPA provisions. The plaintiff claims that since the defendant is in violation of the "Home Improvement Act", all monies paid to him should be returned. In addition, the plaintiff seeks attorneys fees on the CUTPA claim.
The defendant does not deny that the contract between him and the plaintiff did not comply with the provisions of Section 20-429. Although the parties do not agree on the precise amount paid to the defendant for the work he performed on behalf of the plaintiff, both parties agree that it was between $16,000.00 and $17,000.00.
The first question the court must decide is whether the plaintiff can use the violation of the "Home Improvement Act" as "sword" rather than a "shield". I think not. Section 20-429
prohibits a contractor from enforcing a contract if it does not comply with its provisions. This Statute provides a homeowner with a defense. It cannot be used as an offensive weapon. It merely invalidates a contract from being enforced. The contractor has made no claim here to enforce his contract. Our Supreme Court has stated that absent legislative intervention, the court cannot supply a form of recovery by a homeowner against a contractor. Barrett Builders v. Miller, 215 Conn. 316, 329. This court agrees with those Superior Court decisions that have held that Section CT Page 569920-429 does not provide an independent cause of action. Benedetto v. New Bath, Inc., 5 CSR 730 (Ryan, J.). The court, therefore, will deny the plaintiff's claim to recover those monies paid to the defendant.
The court must next decide whether the violation of the "Home Improvement Act", which the defendant concedes is a CUTPA violation which would entitle him to attorneys fees. The plaintiff correctly asserts that a violation of "The Home Improvement Act" is in and of itself a CUTPA violation. To qualify for damages under CUTPA, Section 42-110g, the plaintiff must suffer an ascertainable loss. The plaintiff is not merely alleging technical violations of the Home Improvement Act and nominal damages; the plaintiff is making other claims relative to unworkmanlike services and the defendant's failure to complete said services in the other counts of his complaint.[1] The plaintiff has not used a violation of Section 20-429 as an independent cause of action. The court may award compensatory damages in connection with counts 1 and 3. The plaintiff has proved a CUTPA violation and he may be entitled to attorneys fees.
PELLEGRINO, J.